H2014 (3/16)

Filer's Name, Address, Phone, email:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI, ESQ.
ALLISON A. ITO, ESQ.
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Tel: (808) 533-1877    Fax: (808) 566-6900
E-mail: cchoi@hibklaw.com; aito@hibklaw.com
Proposed Attorneys for Debtor and Debtor in Possession



**UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII**
1132 Bishop Street, Suite 250, Honolulu, Hawaii 96813

Debtor(s): Assoc. of Apartment Owners of Kauai Beach Villas

Case No.: 25-01103

## APPLICATION TO EMPLOY PROFESSIONAL

*[Attach the professional's verification of disinterestedness and any necessary supplemental statements.]*

| | |
|---|---|
| Name of Professional: | CHOI & ITO (the "Firm") |
| Type of Professional: | General Bankruptcy Counsel |
| To be employed by: | ☐ Trustee  ☑ Debtor in Possession  ☐ Committee: |
| Briefly state need for employment and describe services to be rendered: | The Debtor requires bankruptcy counsel to advise it regarding its obligations and duties under the Bankruptcy Code, Bankruptcy Rules and other applicable guidelines and laws.<br><br>☐ If checked, employment is for specified special purpose under 11 U.S.C. § 327(e). |
| Reason for selecting this professional: | The Firm has significant experience representing chapter 11 debtors, trustees, and other parties in interest in bankruptcy proceedings before this Court. |
| Terms and conditions of employment: | Employment to be effective as of December 5, 2025, the petition date. Current billing rates for the Firm's attorneys are: Chuck C. Choi $500; and Allison A. Ito $350. The Firm will file fee applications in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules. |

The undersigned hereby applies for an order approving employment of the above-named professional as described above. To the best of the applicant's knowledge: [*Check all that apply*]

☑ This professional does not hold or represent an interest adverse to the estate, and has no connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent described in any statement attached to this application.

☐ Employment of this attorney is for a special purpose only; s/he does not represent or hold any interest adverse to the debtor(s) or to the estate with respect to this employment.

☐ Employment is by a committee; the professional does not represent any other entity having an adverse interest in connection with the case.

Date: December 7, 2025

/s/ Larry D. Warner
Applicant [Print name and sign]

**VERIFIED STATEMENT BY PROFESSIONAL**

*[Attach this statement to the Application to Employ Professional. If filed separately, attach a cover sheet.]*

[✔] I have no connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent that I may be employed by a trustee in unrelated bankruptcy cases or proceedings.

[ ] I am an attorney being employed for a special purpose only and do not represent or hold any interest adverse to the debtor(s) or to the estate with respect to this employment.

[ ] I am being employed by a committee and do not represent any other entity having an adverse interest in connection with this case.

[✔] The following disclosure is made regarding disinterestednesss:

The Firm's conflict search included, among other parties, creditors of the Debtor, parties to the Minority Owner Litigation, members of the board of directors of the Interval Owners Assocation Board and Association, and the Whole Unit Owners, all as defined in the first day declaration of Larry D. Warner, filed herewith.

The Firm did not conduct a conflict search on the names of more than 6,000 members of the Interval Owners Association.

Within one year prior to the Debtor's bankruptcy filing, the Firm received $60,000 from the Debtor for services rendered prior to the Debtor's Chapter 11, including work in anticipation of the bankruptcy filing.

The Firm is holding a retainer balance in the amount of $0.00, as of the Petition Date. The Firm will waive an outstanding pre-petition balance of approximately $3,345.

Neither I, nor any member of the Firm have agreed to share compensation for representation of the Debtor with any other person or entity, except among members of the Firm.

Date: December 7, 2025                    /s/ Allison A. Ito
                                          Professional [Print name and sign]